*223
 
 Ruffin, C. J.
 

 In 1842 the Legislature established the County of Union, composed of parts of the counties Mecklenburg and Anson. By a supplemental act, ch. 13, Superior and County Courts are established therein; and the first term of the former was to be in February, 1844. By the 9th section it is, amongst other things, enacted “ that all indictments and criminal proceedings against the citizens of Union, which shall be pending in the Superior Court of An-son, shall be transferred from the Fall Term, 1843, of Anson Superior Court to the Superior Court of Union.
 

 The defendants were indicted in Anson Superior Court, at the term which was held on the second Monday of March, 1843, for an assault laid to have been committed in Anson. Both of the defendants lived in Union County, and were citizens thereof at the time of the alleged offence, and continually since. At Fall Term, 1843, they moved the Court, on that ground, that the case should be removed to Union for trial. The motion was opposed on behalf of the State, on the ground that the place, at which the offence was committed, was in fact not in Union, but was still in Anson County. But the Court allowed the motion, and the Solicitor for the State appealed.
 

 We think the removal was proper. Although offences, now committed in Anson by the inhabitants of Union, are cognizable in the Courts of the former county, yet the Act L explicit, that, for offences committed before the Fall Term, 1843, of Anson Superior Court, the proceedings at that term, pending in that Court against the citizens of Union, should be sent from Anson to Union for trial.
 

 There is no allusion made to the place of the commission of the offence; whether in that part of the territory, originally forming Anson County, which should fall into the new County, or in the part continuing in the old one. The residence of the defendants, alone, determines the jurisdiction by the plain words of the act. There is nothing to authorize, in the construction of it, a departure from the obvious import of its terms. On the contrary, it was meant for the ease of
 
 *224
 
 cp;izen by allowing him a trial at home. Besides, it might have been an object with the Legislature to transfer such cases to the new County, where there was no business, as a means of relieving the overburthened dockets of Anson, for the disposing of which the ordinary and regular terms were found inadequate.
 

 Per Curiam, Ordered to be certified to the Superior Court that there was no error in the interlocutory order appealed from.